# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| VICTOR HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-289 |
| | ) | |
| MANPOWER EMPLOYMENT | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

"Employers covered by Title VII of the Civil Rights Act of 1964 may

not 'fail or refuse to hire or . . . discharge any individual, or otherwise ...

discriminate against any individual . . . because of such individual's race.'

42 U.S.C. § 2000e-2(a)(1)." *Flowers v. Troup Cty., Ga., Sch. Dist.*, ___ F.

3d ___, 2015 WL 6081186 at * 1 (11th Cir. Oct. 16, 2015). Proceeding *pro*

*se*, Victor Harrison, Jr. has filed a race-based, employment

discrimination case against "Manpower,"[1] doc. 2, which he explains is a

---

[1] Plaintiff captioned the defendant as "Manpower" but legal correspondence in the record shows that its true identity is "Manpower Employment Services," doc. 2 at 60, so the Court has amended the caption accordingly. The Clerk is **DIRECTED** to conform the docket caption, and all subsequent filings shall also conform.

"Temporary Job Placement Agency." *Id.* at 1.

He also moves for leave to proceed *in forma pauperis* ("IFP"). Doc. 1. Finding him indigent, the Court **GRANTS** his IFP motion, but his case must be dismissed because it fails to survive screening under 28 U.S.C. 1915(e)(2)(B)(ii), which requires the Court to dismiss at the outset those complaints that fail to state a claim for relief. To state a claim for relief,[2] Harrison must plead facts to establish a *prima facie* case:

> (1) that he is a member of a protected racial class, (2) that he was qualified for the position, (3) that he experienced an adverse employment action, and (4) that he was replaced by someone

---

[2] Pleading stage claims are analyzed under Fed. R. Civ. P. 8 & 12:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a [Rule] 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

*GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (emphasis added); *Butler v. Broward Cty. Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *Grissett v. H.J. Baker Bros.*, 2015 WL 5734452 at * 1 (S.D. Ala. Sept. 30, 2015).

outside of his protected class or received less favorable treatment than a similarly situated person outside of his protected class.

*Flowers*, 2015 WL 6081186 at * 6.

Harrison complains that Manpower hired him in 2014 but terminated him in 2015, when its background check on him showed that on his employment application he falsely checked "no"

> as far as being convicted of misdeameanors  and they're correct i did but according to the paperwork that i have from their lawyer criminal convictions doesn't matter as far as being employed by manpower and manpower doesn't care about any charges that you have on your background,  And how can they claim to have fired me for not telling the truth on a questionaire when they conducted the background check after they fired me not before.

Doc. 2 at 3-4 (unedited); *see also id.* at 13-14 (background report showing a felony, "First Offender Treatment" conviction for "Possession of Cocaine With Intent to Distribute," plus a misdemeanor conviction for "Family Violence," as well as a misdemeanor conviction for "Driving Under Influence – Less Safe"); *see also id.* at 23-29, 40-41 (other criminal history print-outs showing same convictions). Insisting that Manpower unlawfully terminated him based on his (African American) race, Harrison seeks $100,000. *Id.* at 2-3, 4, 53.

Being an African-American (doc. 2 at 53) places Harrison in a protected class (element (1)).  It's debatable whether he is alleging

enough to meet element (2) (that he qualified for the position).  He does meet element (3) (that he suffered an adverse employment action).  He definitely fails to allege, however, comparator facts (element (4)).  *See Flowers*, 2015 WL 6081186 at *10 ("In order to use comparators to support an inference of race discrimination in the context of workplace discipline, a plaintiff must show that the comparators' alleged misconduct is nearly identical to the plaintiff's in order 'to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.") (quotes and cite omitted); *Thomas v. Dep't of Corr.*, 377 F. App'x 873, 879-80 (11th Cir. 2010).

Put another way, Harrison fails to plead that the defendant replaced him with someone outside of his protected class.  That is a fatal omission, warranting dismissal on those grounds alone.  And like many *pro se* plaintiffs, Harrison evidently believes that merely being a minority discharged for a reason he doesn't like (here, for lying about his criminal past) somehow supports an employment discrimination claim.  But as the Eleventh Circuit has

> "repeatedly and emphatically held," employers "may terminate an employee for a good or bad reason without violating federal law." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d

4

1466, 1470 (11th Cir. 1991)). Title VII does not allow federal courts to second-guess nondiscriminatory business judgments, nor does it replace employers' notions about fair dealing in the workplace with that of judges. We are not a "super-personnel department" assessing the prudence of routine employment decisions, "no matter how medieval," "high-handed," or "mistaken." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (quotation marks, citations, and alterations omitted). Put frankly, employers are free to fire their employees for "a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984).

*Flowers*, 2015 WL 6081186 at * 8.

Harrison's case therefore should be **DISMISSED**, though he is free to move for leave to amend within the 14-day Objection period set forth in Fed. R. Civ. P. 72(b)(2).

**SO REPORTED AND RECOMMENDED**, this 4ᵀᴴ day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA